## The State *v.* Carpenter.

[No. 19,740.    Filed April 11, 1902.]

Licenses. — *Transient Merchants.* — *Indictment.* — An affidavit and information under the act of 1901 (Acts 1901, p. 466) charging defendant with being a transient merchant and selling and exposing for sale as a transient merchant certain merchandise, without having first obtained a license therefor, is not bad for failing to charge defendant with the acts forbidden by §3 of the act.

From Huntington Circuit Court; *J. C. Branyan,* Judge.

Chester Carpenter was charged with being a transient merchant, without license. From a judgment quashing the affidavit and information, the State appeals. *Reversed.*

*W. L. Taylor,* Attorney-General, *W. A. Mitchell* and *C. W. Watkins,* for State.

Gillett, J.—This was a prosecution by affidavit and information under an act relative to transient merchants. Acts 1901, p. 466, §7231a *et seq.* Burns 1901. The court below quashed the affidavit and information, and the State appeals. The appellee has omitted to file a brief. The Attorney-General states in his brief that the court quashed the affidavit and information because they did not charge that appellee had done any act which §3 of the statute prescribes shall not be done without obtaining a license and making the showing therein required.

By §1 of the act it is provided "That hereafter it shall be unlawful for any transient merchant to engage in, do or transact any business as such, without having first obtained a license, as hereinafter provided." Section 2 relates to the application for and the obtaining of such license. Section 3 prohibits transient merchants from advertising,

State *v.* Carpenter.

representing, or holding forth any sale as an insurance, bankrupt, etc., sale without complying with certain prerequisites in addition to obtaining a license.   Section 4 is as follows:   "Every person, either as principal or agent, who shall in any manner engage in, do or transact any business as a transient merchant, without having first obtained a license as before provided, or who shall conduct any sale, or who shall sell or expose for sale any goods, wares and merchandise contrary to the provisions of this act, or who shall advertise, represent or hold forth, any sale of goods, wares or merchandise to be conducted contrary to the provisions of this act, shall be deemed guilty of a misdemeanor and shall, upon conviction thereof, be fined in any sum not less than $50, and not more than $500, to which may be added imprisonment not less than ten days and not more than thirty days."   Section 6 affords a definition of the meaning of the words "transient merchant."

We think it plain that it was the legislative purpose to punish the "doing of any business as such" by a person, firm, partnership, or corporation falling within the description of §6 without a license.   Section 1 expressly provides that it shall be unlawful so to do, and to give the act the opposite construction would be to emasculate a number of its sections.

The failure of appellee to file a brief is tantamount to a confession of error under our rules, but as the State, by its Attorney-General, has prosecuted this appeal for the purpose of obtaining a construction of the act in question, we have thought best to comply with his request; but we have not held ourselves bound, in view of the appellee's neglect, to search out and decide any other question in the case.   The cause will go back without prejudice to the appellee, except that the question of the proper construction of the act is solved against him.

The judgment quashing the affidavit and information and discharging the appellee is reversed at his costs.